IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION AT CANTON

| | |
|---|---|
| IN RE: | ) CHAPTER 11 |
| | ) |
| OHIO SKILL GAMES INCORPORATED | ) JUDGE KENDIG |
| | ) |
| Debtor and Debtor in Possession | ) CASE NO.  08-60560 |
| | ) |
| | ) ADV. NO. 08-6049 |
| Ohio Skill Games Incorporated | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| Pace-O-Matic | ) PLAINTIFF'S OBJECTION TO |
| | ) PACE-O-MATIC, INC.'S MOTION |
| Defendant | ) FOR LEAVE TO APPEAL |

Now comes Ohio Skill Games ("OSG"), by and through counsel, and for its objection to

Pace-O-Matic, Inc's ("Pace") Motion for Leave to Appeal states as follows:

A.     BACKGROUND FACTS

This Adversary Proceeding from which Pace attempts to appeal is the culmination of a

series of events which led to Pace's attempt to reap all the benefit of the business relationship

between itself and OSG.  Due to actions taken by the state of Ohio against OSG, the parties

1

agreed that the money generated by this business relationship in the State of Ohio would flow through Pace to be distributed to the parties, rather than through OSG as had previously been the case. At this time it was also agreed that Pace would apply OSG's share to the outstanding debt of approximately $180,000 which was owed to Pace until that debt was paid in full. At that point, Pace was to start paying the agreed division pursuant to the Agreement. Once it began receiving the money, Pace decided that it would rather keep all the profit for itself and has concocted various reasons to get itself out of the business relationship with OSG. This conduct by Pace led to OSG filing for bankruptcy relief and the initiation of this Adversary Proceeding.

Pace's actions in defending against the claims of OSG indicate that it is content to delay a final judgment in this case for as long as possible. First, Pace refused to respond to many of OSG's discovery requests. Pace argued that the Agreement was terminated by recently enacted Ohio law regarding skill games and, therefore, it was excused from responding to OSG discovery requests. The Bankruptcy Court ordered that Pace file a motion for summary judgment on this issue. [1]

The Bankruptcy Court denied Pace's Motion for Partial Summary Judgment in a Memorandum Opinion dated April 21, 2009 finding that Ohio law did not terminate the Agreement. The Court ordered that Pace produce the requested documents.

On March 12, 2010, Pace and OSG filed cross motions for summary judgment. The Bankruptcy Court denied Pace's Motion for Summary Judgment, and Partially granted OSG's Motion finding that OSG could assume the Agreement under section 365, but that further factual

---

[1]    It should be noted that Pace never mentioned its argument under 11 U.S.C. § 365(c)(1) at this time or in its motion for summary judgment.

2

determinations needed to be made regarding whether OSG could cure any defaults under the Agreement which existed at the time of filing before the Court would order assumption.

## B.    THE BANKRUPTCY COURT'S DECISION

The decision from which Pace seeks leave to appeal ruled on one limited issue in this case– whether OSG may seek assumption of the Agreement.  The Court's decision was based on Sixth Circuit case law and facts specific to this case.  The Decision expressly states that it is not intended to be used for citation.

Further, the Decision specifically stated that several facts need to be developed before it can rule on all issues in this Adversary Proceeding: whether OSG is able to cure any defaults under the Agreement which may have existed at the time it filed bankruptcy and what, if any, amounts of money are owed to the parties in this litigation.

## C.    LAW AND ANALYSIS

In general, federal court exercise their discretion to hear discretionary appeals reluctantly. Mason v. Massie, 335 B.R. 362, 368 (N.D. Ohio 2005)(citing Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368 (1981)).  Interlocutory appeals are available only in "exceptional or extraordinary circumstances." Mason, 335 B.R. at 369; Cardwell v. Chesapeake and Ohio Railway Co., 504 F.2d 444, 446 (6th Cir. 1974).  "[I]nterlocutory bankruptcy appeals should be the exception, rather than the rule." In re Phm Credit Corp., 99 B.R. 762, 768 (E.D. Mich. 1989).

In deciding whether to grant a motion for leave to file an interlocutory appeal, courts will generally weigh the factors set forth in 11 U.S.C. § 1292(b). Mason v. Massie, 335 B.R. 362, 369 (N.D. Ohio 2005).  These factors are: "(1) the question involved is one of law; (2) the question is controlling; (3) there is substantial ground for difference of opinion respecting the correctness of

3

the [bankruptcy] court's decision; and (4) an immediate appeal would materially advance the ultimate termination of the litigation." Wicheff v. Baumgart (In re Wicheff) 215 B.R. 839, 844 (BAP 6th Cir. 1998). "A review under § 1992(b) should be sparingly granted, and then only in exceptional cases." Id.

A review of the § 1992(b) factors indicates that this case is not one in which a leave to file an interlocutory appeal should be granted. In particular, the granting of an appeal would not materially advance the ultimate termination of litigation. The Cardwell decision contains reasoning which is illustrative to this case. In deciding whether the granting of an appeal would expedite the case, the Sixth Circuit stated:

> "The granting of an interlocutory appeal in the present case would not 'materially advance the ultimate termination of the litigation.' Many months would be required before the case would be reached for argument on the congested docket of this court. If we grant the appeal and then should affirm the order of the district . . ., the case then would be remanded to the district court for a trial on its merits.
>
> On the other hand, it would appear that only a few days would be required for a jury trial and final disposition of the case in the district court. This procedure, which would avoid a piecemeal appeal, is preferable except in the extraordinary type of case contemplated by § 1292(b)."

Cardwell, 504 F.2d at 446.

The facts of this case further demonstrate that an interlocutory appeal would be counter-productive to the resolution of this case. First, this case is an adversary proceeding, the outcome of which will determine whether the debtor can file a feasible plan of reorganization which contemplates a 100% percent payment of claims, or whether debtor will have to convert to a case under chapter 7 of the Bankruptcy Code. Creditors have already been waiting for two years to

4

receive distributions. It would be to their detriment to be required to wait for the District Court to decide this appeal, and then, if the Bankruptcy Court's decision were affirmed, have to wait for a trial to be conducted to finally resolve the adversary proceeding. Discovery has been completed, dispositive motions have been ruled upon, all that remains is a trial to determine whether OSG can cure any defaults which existed at the time its petition was filed.[2] Piecemeal appeals will not advance final resolution in this case.

Additionally, the Agreement that OSG seeks to assume is a five year contract which was executed on April 19, 2007. Thus, it will expire in April of 2012. OSG has no assurances that any funds to which it might be entitled and which are being collected by Pace currently under the Agreement will be available for collection. The only funds which OSG can be certain to obtain if it prevails in this adversary proceeding are those currently being generated. If this appeal were to take one and a half year to complete, followed by a trial in the bankruptcy court, it is entirely possible that OSG, and its creditors, will be left with next to nothing. [3]

---

[2] If the Bankruptcy Bourt determines that OSG is able to cure any default ad may assume the agreement, the Court will also be required to conduct a hearing to determine what, if any, funds Pace has in its possession which belong to the debtor. This will require supplemental discovery from Pace. However, once the Agreement is assumed, 50% of the current revenue being produced pursuant to the Agreement can flow to the Debtor and confirmation of the plan can proceed ultimately leading to distributions to unsecured creditors.

[3] Although OSG cannot know what Pace's motivations are in seeking this appeal, it is possible that this is precisely the result it seeks.

5

**D. Conclusion**

For the foregoing reasons, Pace's Motion for Leave to Appeal should be denied.

GIBSON & LOWRY

/s/ Michael J. Moran
Michael J. Moran 0018869
Attorney for Plaintiff
234 Portage Trail, P.O. Box 535
Cuyahoga Falls, OH   44221
(330) 929-0507
(330) 929-6605 - Fax
moranecf@yahoo.com

6

## CERTIFICATE OF SERVICE

A copy of the foregoing was filed electronically and served via the court's electronic docketing system on August 2, 2010 upon the following persons who are listed on the court's electronic notice list:

Ronald M. McMillan rmcmillan@calfee.com, mmcgarry@calfee.com

Michael J Moran moranecf@yahoo.com

Jean Robertson jrobertson@calfee.com

United States Trustee (Registered address

I hereby certify that a copy of the foregoing was served via regular U.S. Mail, postage prepaid on this the August 2, 2010, upon the following:

Jeffrey Tarkenton
Womble Carlyle Sandridge & Rice, PLLC
1401 Eye St., N.W., Seventh Floor
Washington, D.C. 20005

/s/ Michael J. Moran
Michael J. Moran #0018869
Attorney for Plaintiff

7