ADAMS, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.  5:10MC049 |
| | ) | |
| OHIO SKILL GAMES INCORPORATED, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| Debtor and | ) | |
| Debtor in Possession. | ) | MEMORANDUM OF OPINION AND ORDER |
| | ) | |
| OHIO SKILL GAMES INCORPORATED, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PACE-O-MATIC, INC., | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

This action is before the Court upon defendant Pace-O-Matic, Inc.'s Motion for Leave to Appeal (Doc. 1) from an order of the bankruptcy court granting in part plaintiff-debtor Ohio Skill Games Incorporated's ("OSG") Motion for Summary Judgment and denying defendant's Motion for Summary Jugment.[1]  Defendant requests leave to appeal pursuant to Bankr. Rule 8003 from an order of Bankruptcy Judge Russ Kendig entered in Adversary Case No. 08-06049-rk (Bankruptcy Case No. 08-60560-rk).  The Issue on Appeal is:  Whether the bankruptcy court erred as a matter of law when it held that OSG can assume an executory contract even though applicable non-bankruptcy federal law bars it from assigning that executory contract without defendant's consent?

---

[1]The bankruptcy court found that OSG could assume the Amended and Restated Master Software License and Distribution Agreement dated April 29, 2007 ("Agreement") under 11 U.S.C. § 365(a) since OSG is not contemplating assignment, but that further factual determinations need to be made regarding whether OSG can cure any defaults under the Agreement which existed as of the filing date of the petition before the bankruptcy court would order assumption of the Agreement by OSG.

After an examination of the content of the motion, including a review of the Memorandum of Opinion (Doc. 1 at 19-29) and Order (Doc. 1 at 31-32) complained of, and considering OSG's Objection (Doc. 2), this Court determines that oral argument is not needed.

The Court finds that the motion lacks merit.  The determination of the question by immediate appeal at this time will not "materially advance the ultimate termination of the litigation."  *See* 10 Lawrence P. King, *Collier on Bankruptcy* ¶ 8003.03.  Accordingly, Defendant, Pace-O-Matic, Inc.'s Motion for Leave to Appeal is DENIED.

IT IS SO ORDERED.

  December 13, 2010                          /s/ John R. Adams
Date                                       John R. Adams
                                           U.S. District Judge